STOKER, Judge,
concurring.
I fully agree with the result reached in the majority opinion in this case. It may be going too far, however, to say that the relief by mandamus provided by LSA-R.S. 31:211 is available only when there is no adequate remedy at law or only when the law provides no relief by ordinary means. It is true that such language is employed in the case of State ex rel. Boykin v. Hope Producing Co., 167 So. 506 (La.App. 2nd Cir.1936) and in the Code of Civil Procedure, LSA-C.C.P. art. 3862. However, if the type of mandamus in question can never be used if relief by ordinary means is available, such a mandamus could probably never be used. For example, ample authority could be cited for the proposition that mandamus is not available to enforce contractual obligations.
Obviously, the summary proceeding authorized in Article 211 of the Mineral Code must be given some meaning. The jurisprudence establishes that the test is not absence of other forms of relief by ordinary process. Rather, the test is whether there are no serious issues to be resolved, that is, where the amount due and owing is certain, definite and fixed. In this category I would include situations where there are no disputes as to who is the true last record owner. Brown v. United Gas Public Service Co., 197 La. 616, 2 So.2d 41 (La.1941); State ex rel. Superior Oil Company v. Texas Gas Transmission Corporation, 128 So.2d 849 (La.App. 4th Cir.1961), affirmed, 242 La. 315, 136 So.2d 55 (1961) and Mire v. Hawkins, 177 So.2d 795 (La.App. 3rd Cir. 1965), affirmed 249 La. 278, 186 So.2d 591 (La.1966).
In the State ex rel. Superior Oil Co. case cited above the Louisiana Supreme Court stated “... that the right to such a writ must be clear, and that it will not be granted in doubtful cases.” (Emphasis added.) Similar language was employed in the Boy-kin case which is cited in the majority opinion. On the other hand, I think the Court of Appeal in Boykin perhaps went too far in holding that the Article 211 mandamus was available only “when there is no adequate remedy at law.” For the same reason we may be going too far in applying LSA-C. C.P. art. 3862 in its strictest sense to the Article 211 type mandamus. In providing that type mandamus the legislature must have intended that the Article 211 type mandamus could be used in an appropriate *551 situation despite the availability of any other remedies in ordinary process.
In my opinion Placid Oil Company has demonstrated in this case that the Article 211 mandamus is not appropriate because the evidence shows there is a serious issue as to who the last record owner is. All issues brought on by this ease should be relegated to an ordinary proceeding.